Filed 3/7/13  Mariah Y. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARIAH Y.,<br><br>       Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>       Respondent;<br><br>STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>       Real Party in Interest. | F066516<br><br>(Super. Ct. Nos. 516266, 516267 & 516268)<br><br>**O P I N I O N** |

## THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Ann Q. Ameral, Judge.

Mariah Y., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Detjen, J., and Peña, J.

Mariah Y. (mother) in propria persona seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) from a juvenile court's order terminating reunification services and setting a Welfare and Institutions Code section 366.26 hearing as to her children, who range in age from one to six years of age.[1]  Mother admits there were valid reasons for the juvenile court's decision and simply asks for a second chance.  She does not claim the juvenile court committed any prejudicial error in reaching its decision.  On review, we conclude mother's petition is facially inadequate and will dismiss her petition.

## DISCUSSION

The purpose of writ proceedings such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child.  (Cal. Rules of Court, rule 8.450(a).)  A court's decision is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is up to a petitioner to raise specific issues and substantively address them.  (§ 366.26, subd. (*l*).)  This court will not independently review the record for possible error.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Because mother fails to raise any claim of juvenile court error, we will dismiss her petition as facially inadequate.

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is immediately final as to this court.

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise indicated.